Mr. David Thomas c/o Stephen Lisle Lisle Law Firm 1458 Plaza Place, Suite 101 Springdale, AR 72764-5273
Dear Mr. Thomas:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request for certain records in your personnel file has been presented to the City Lowell, Arkansas. The custodian of the records has determined that only one record — your resume — is responsive to the request, and that it should be released, provided that certain information is redacted from the resume prior to its release. He has specifically recommended that your social security number, your telephone number, medical information, your street address, and any other "purely personal information" be redacted. The custodian has provided me with a copy of your resume.
I am directed by law to issue my opinion as to whether the determination of custodian of the records regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian is correct that the resume should be released. He is also correct that certain information should be redacted from the resume prior to its release. However, his determination as to the specific information that should be redacted may sweep too broadly, as explained more fully below.
Social Security Number
I agree with the custodian that your social security number should be redacted. The "Federal Privacy Act," (5 U.S.C. § 552a) prohibits the release of certain types of information. Although that act applies generally to federal agencies, rather than to state or local governmental entities, one section of the act does apply to local entities. Section 7 of the original act [P.L. 93-579], which is set forth in the form of a note to 5 U.S.C. § 552a, prohibits local agencies from penalizing individuals for refusing to disclose their social security numbers. This office has consistently opined, relying on the Federal Privacy Act, that social security numbers should not be released. See, e.g., Ops. Att'y Gen. Nos. 2001-028; 2000-226; 99-011; 95-262; 93-114.
Addresses
There is no specific exemption under the FOIA that would allow the withholding of addresses. However, the Arkansas Supreme Court recently upheld a custodian's decision to withhold from release certain police officers' home addresses. Stilley v. McBride, 332 Ark. 306,965 S.W.2d 125 (1998). In upholding that decision, the Stilley court applied its traditional balancing test between the privacy interest and the public interest. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). In doing so, the court specifically considered the fact that where police officers are concerned, this information can carry a heightened potential to be used for purposes of harassment, nuisance, and of people attempting to contact the subject at home, or endangering their families' safety. This fact, coupled with the fact that the requestor of the information had not requested it for the purpose of gaining knowledge about the inner workings of government (the purpose of the FOIA), led the court to conclude that in that case, the privacy interest in this information outweighed the public interest in it.
On the basis of Stilley, I conclude that the custodian's decision to withhold your address from disclosure may be appropriate if the facts show that your privacy interest in that information outweighs the public's interest in it. In order to determine the public's interest in this information, the custodian may consider the purpose for which it was requested, and whether that purpose is consistent with the purposes of the FOIA.
Telephone Numbers
There is also no exemption under the FOIA for telephone numbers. You have not indicated whether the telephone number that is reflected on your resume is listed or unlisted. The Attorney General has consistently opined that although unlisted telephone numbers may be withheld from disclosure, listed telephone numbers are not exempt from release. See,e.g., Op. Att'y Gen. No. 93-403 and citations therein. Those opinions were based upon the presumption that in most factual scenarios, there is little privacy interest in information that has already been made public, and that therefore, the privacy interest would presumptively be outweighed in a balancing test. I must note, however, that factual circumstances could occur in which a privacy interest in previously available information could be established, and that the U.S. Supreme Court has recognized the protectability of such an interest. SeeDepartment of Defense v. FLRA, 510 U.S. 487, 500 (1994). I also note that the Arkansas Supreme Court relied upon the FLRA case in deciding Stilleyv. McBride, supra, but that Stilley did not involve a request for telephone numbers. I therefore continue to hold the view that as a general matter, unless specialized facts indicate a heightened privacy interest in listed telephone numbers (see, e.g., Op. Att'y Gen. No.98-097, regarding concerns inherent in the release of the telephone numbers of a particular group of retirees), those numbers, if requested under the FOIA, are not exempt from disclosure, but that unlisted telephone numbers, in which there clearly is a heightened privacy interest, should be withheld. However, in light of the holding ofStilley, I recognize that under certain circumstances, there might be a heightened privacy in telephone numbers, even if they are listed numbers. Accord, Op. Att'y Gen. No. 2001-080.
Medical Information
The FOIA specifically provides that "medical records" are exempt from disclosure. A.C.A. § 25-19-105(b)(2). The term "medical records," as used in the FOIA, is not defined. The Attorney General has consistently interpreted the term "medical records" to encompass "records containing information relating to the treatment or diagnosis of a medical condition." See, e.g., Ops. Att'y Gen. Nos. 2000-226; 2000-122; 99-110; 98-202; 89-147. Your resume does not appear to contain any information of this nature.
"Purely Personal Information"
It is not clear exactly which information the custodian is referring to as "purely personal information." He may have in mind the type of information referred to in the FOIA's language concerning personnel records. That language provides that personnel records are disclosable except to the extent that their disclosure would constitute a "clearly unwarranted invasion of [the subject's] personal privacy." A.C.A. §25-19-105(b)(10). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." Your resume does not appear to contain any information in which you would have a privacy interest that would rise to a level that would outweigh the public's interest in it.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh